No. 14-30091

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NORMAN SINCLAIR,

Plaintiff - Appellant

VERSUS

PETCO ANIMAL SUPPLIES STORES, INC D/B/A PETCO

Defendants - Appellees

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
CASE NO. 13-6179
HONORABLE SARAH S. VANCE, PRESIDING

_____

ORIGINAL BRIEF OF PLAINTIFF-APPELLANT

JOSEPH M BRUNO, JR.  (#30229)
BRUNO & BRUNO LLP
855 Baronne Street
New Orleans, LA 70113
Telephone: (504)-525-1335
Facsimile: (504)-581-1493
E-mail: josephjr@brunobrunolaw.com
*Attorneys for Appellant Norman Sinclair*

No. 14-30091
_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

### NORMAN SINCLAIR,

Plaintiff - Appellant

### VERSUS

### PETCO ANIMAL SUPPLIES STORES, INC D/B/A PETCO

Defendants - Appellees

_____

## CERTIFICATE OF INTERESTED PERSONS

(A)    PLAINTIFF-APPELLANT

    1.    Norman Sinclair, Resident of the State of Mississippi

(B)    COUNSEL FOR PLAINTIFF-APPELLANT

    1.    Joseph M. Bruno, Jr. Bruno & Bruno, LLP, 855 Baronne Street, New Orleans, LA 70113

( C )    DEFENDANTS-APPELLEES AND THEIR COUNSEL

    1.    Petco Animal Supplies Stores, Inc. represented by

        a.    Joseph H. Hart, IV
            Kuchler, Polk, Schell, Weiner & Richeson, LLC
            1615 Poydras Street, Suite 1300
            New Orleans, Louisiana  70112
            Phone:  504-592-0691

Respectfully submitted,

 /s/ Joseph M. Bruno, Jr.
Joseph M. Bruno, Jr. (#30229)
855 Baronne Street
New Orleans, LA 70113
Telephone: (504)-525-1335
COUNSEL FOR APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant respectfully requests the privilege of oral argument.  This issue concerns important procedural requirements of Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

Plaintiff-Appellant suffered injuries as a result of tripping on a disassembled dog cage which was negligently situated in the checkout counter path in Petco located at 5300 Tchoupitoulas St. in New Orleans. The Trial Court erred in its analysis of Rule12 (b)(6). The Trial Court's conclusion that Plaintiff-Appellant's did not sufficiently state a "plausible claim for relief" was incorrect.  The significance of Plaintiff-Appellant's injuries and the effect of the lower court's ruling to preclude any possibility of recovery by Plaintiff-Appellant for Petco's neglect justifies oral argument.

## TABLE OF CONTENTS

1)  **Certificated of Interested Persons**......................................................2

2)  **Statement Regarding Oral Argument**..............................................4

3)  **Table of Contents**.................................................................................5

4)  **Table of Authorities**............................................................................6

5)  **Jurisdictional Statement**...................................................................8

6)  **Statement of the Issues Presented for Review**.............................10

7)  **Statement of the Case**......................................................................10

8)  **Statement of the Relevant Facts**...................................................11

9)  **Standard of Review**...........................................................................12

10) **Summary of the Argument**..............................................................12

11) **Argument**.............................................................................................13

    A.    Plaintiff-Appellant's negligence allegations are sufficient under Federal Rule of Civil Procedure Rule 8(a)(2) and Rule 12 (b)(6) ……………………………………………….……………13

    B.    Plaintiff- Appellant was deprived of the opportunity to cure alleged defect after 12 (b)(6) Ruling………………..…….. ….22

12) **Conclusion**...........................................................................................24

13) **Signatures of Counsel**......................................................................25

14) **Certificate of Service**.......................................................................25

15) **Certificate of Compliance with FRAP 31(a)(7)**............................26

## TABLE OF AUTHORITIES

Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir.2012) (en banc))........................................................................12

McManus v. Fleetwood Enters., Inc., 320 F.3d 545, 551 (5th Cir.2003) (internal quotation omitted)....................................................................13,21

Gen. Elec. Capital Corp. v. Posey, 415 F.3d 391, 396 (5th Cir.2005) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002))........................................................................14,21

Perez v. Wal–Mart Stores Inc., 608 So.2d 1006 (La.1992)..........................15

Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 555 (7th Cir. 2012)……15

Hrubec v. National R.R. Passenger Corp., C.A.7th, 1992, 981 F.2d 962.…15

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)…………………………………………….....................................16

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)...................................................................................................16,17

Cole v. Brookshire Grocery Co., 5 So.3d 1010, 1014 (La.App. 3 Cir.2009), writ denied, 8 So.3d 589 (La.2009); Franovich v. K–Mart Corp., 653 So.2d 695, 698 (La.App. 5 Cir.1995)....................................................................17

Irsch v. Argonaut Great Central Insurance Company, et al, 841 So.2d 831 (La.App. 5th Cir.2003)...................................................................................18

George v. Walmart Stores, Inc., 722 So.2d 119 (La.App. 3d Cir. 1998)...........................................................................................................18

Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir.2011) (citation omitted))...........................................................................................................19

Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999) (per curiam) Gilbert v. Outback Steakhouse of Florida Inc., 295 Fed.Appx. 710, 713 (C.A.5 (Tex.),2008)...................................................................................................19

Broussard v. Wal-Mart Stores, Inc., 98-813 (La.App. 3 Cir. 1/20/99); 741 So.2d 65, writ denied, 99-0486 (La.4/1/99); 742 So.2d 562)...........................................................................................................19

Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 264 (5th Cir.2009)..........21

S & W Enters. v. Southtrust Bank of Ala., 315 F.3d 533, 535 (5th Cir.2003)
...............................................................................................21

Jamieson v. Shaw, 772 F.2d 1205 (5th Cir.1985)..... ............…..……….21

Jebaco Inc. v. Harrah's Operating Co. Inc., 587 F.3d 314, 322 (5th Cir.2009)…………………………………………………………….22

Dussouy, 660 F.2d at 598, (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957))…………………………………..……23

Williams v United Credit Plan, Inc. (1976, CA5 La) 526 F2d 713, 21 FR Serv 2d 320……………………………………………………………………23

## STATUTES, RULES

28 U.S.C. 1441..............................................................................................10

Federal Rule of Civil Procedure 12(b)(6) ....................................................15

Federal Rule of Civil Procedure 8(a)(2)..................................................13,14

LA.REV.STAT. ANN. § 9:2800.6.................................................................14

Federal Rules of Civil Procedure 84..............................................................13
    Appendix of Forms

No. 14-30091

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**NORMAN SINCLAIR,**

**Plaintiff - Appellant**

**VERSUS**

**PETCO ANIMAL SUPPLIES STORES, INC D/B/A PETCO**

**Defendants - Appellees**

_____

**JURISDICTIONAL STATEMENT**

**(A)    District Court jurisdiction:**

The District Court had jurisdiction pursuant to 28 U.S.C.A. §1332.

**(B)    Court of Appeals jurisdiction**:

This Court has appellate jurisdiction pursuant to 28 U.S.C.A. §1291.

**(C)    Filing dates establishing the timeliness of the appeal:**

Final Judgment (Record Doc. #20) on the Court's December 30, 2013 Order and Reasons (Record Doc. # 17) was entered on January 3, 2014.

Plaintiff-Appellants' Notice of Appeal (Record Doc. #21) was filed January 30, 2014.

On March 26th 2014 the clerk granted Plaintiff-Appellants'
request for an extension of time to file its brief, setting the due date
for Appellant's brief on April 30, 2010.

**(D)    Final Order from which this appeal is taken:**

Plaintiff-Appellant's appeal is taken from the January 3, 2014 Final
Judgment (Record Doc. #20).

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

The issues at bar are as follows:

1.   Whether Plaintiff-Appellants' Complaint is sufficient under Federal Rule of Civil Procedure Rule 8(a)(2) and Rule 12 (b)(6).

2.   Whether the Trial Court abused its discretion in failing to permit Plaintiff-Appellant to cure an alleged allegation defect after Rule 12 (b)(6) adjudication.

## STATEMENT OF THE CASE

On September 24, 2013, Plaintiff-Appellant filed his lawsuit in the Civil District Court for the Parish of Orleans of Louisiana seeking damages resulting from a trip and fall inside of a Petco Animal Supplies Store located at 5300 Tchoupitoulas St. in New Orleans.

On October 17, 2013, Petco removed the action based upon 28 U.S.C. 1441. On November 15, 2013 Petco filed a 12(b)(6) Motion to Dismiss, claiming that Plaintiff-Appellant's claim did not sufficiently plead Petco Animal Supplies Stores, Inc.'s (hereinafter "Petco") negligence. In an effort to cure the alleged pleading deficit, Plaintiff-Appellant filed a Motion for Leave to File First Supplemental and Amending Complaint. The Motion for Leave was granted prior to the 12(b)(6) Motion to Dismiss submission date, which was set on December 18, 2013.

The Honorable Sarah S. Vance issued an Order and Reasons for Judgment on December 30, 2013, in which she granted Petco's Motion. The Honorable Sarah S. Vance signed the final judgment on January 3, 2014.

Plaintiff-Appellant filed a Notice of Appeal on January 30, 2014.

On March 26, 2014, Plaintiff-Appellants' telephonically moved for an extension of time within which to file his appellate brief as he was preparing for a jury trial in the 24th Judicial District Court. The clerk granted the extension, setting the due date for Appellant's brief on April 30, 2014.

## STATEMENT OF RELEVANT FACTS

Plaintiff-Appellant suffered injuries to his head, neck, shoulder, hip and knees[1] as a result of tripping on a disassembled dog cage which was negligently and dangerously situated in the checkout counter path by Petco.

The original lawsuit filed in the Civil District Court for the Parish of Orleans of Louisiana alleged that plaintiff tripped over merchandise near the checkout counter located inside Petco and identified various negligent acts/or omissions of Petco. Prior to the Trial Court's adjudication of Petco's 12 (b) (6), Plaintiff amended its Complaint to allege that the merchandise on the floor near the checkout counter presented an unreasonable risk of harm to customers as it was located in the checkout counter path.

---

[1] As a result of the fall, Plaintiff struck his head and was knocked unconscious. He continues to experience knee pain as result of the accident and is currently treating with a neurologist.

## STANDARD OF REVIEW

This court "review[s] a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 854 (5th Cir.2012) (en banc) (internal quotation marks omitted).

## SUMMARY OF THE ARGUMENT

Plaintiff-Appellants' original state court Petition and First Supplemental and Amending Complaint, sufficiently plead a plausible cause of action against Petco in compliance with Federal Rule of Civil Procedure Rule 8(a)(2) and Federal Rule of Civil Procedure 12 (b)(6). Accordingly, Plaintiff-Appellants' negligence allegations are sufficient and the lower court erred in granting Petco's Motions to Dismiss. Further, the Trial Court abused its discretion in denying Plaintiff-Appellant the opportunity to amend its complaint to make additional allegations after ruling for Petco.

## **ARGUMENT**

A.    **Plaintiff-Appellant's negligence Complaint is sufficient under Federal Rule of Civil Procedure Rule 8(a)(2) and Rule 12 (b)(6).**

Plaintiff-Appellant's state court Petition alleges that "plaintiff tripped over merchandise near the checkout counter in Petco." Further, Petco failed "to keep its aisles and passage ways free from hazards and/or dangerous conditions." (Rec. Doc. 1-1) Sinclair's Supplemental and Amending Complaint incorporates the allegations in his state court Petition and additionally alleges that Petco "knew or should have known of the hazardous condition of its aisles, passageways and checkout counter path" and that the merchandise on the floor "presented an unreasonable risk of harm to customers as it was located in the checkout counter path." It further alleges, "in the alternative," that the doctrine of res ipsa loquitur applies and "negligence should be inferred." (Rec. Doc. 15 at 1)

A complaint need only recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

[2]Importantly, "[t]he notice pleading requirements of Federal Rule of Civil

---

[2] According to rule 84 of the Federal Rules of Civil Procedure, "[t]he forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." FED.R.CIV.P. 84. A glance at Form 11 confirms the low bar that rule 8(a)'s notice pleading standard sets out. In its example of a complaint for negligence, Form11 merely contains the simple statement, "[D]efendant negligently drove a motor vehicle against the plaintiff ...."

Procedure 8 and case law do not require an inordinate amount of detail or precision." *McManus v. Fleetwood Enters., Inc*., 320 F.3d 545, 551 (5th Cir.2003) (internal quotation omitted).

Rule 8 thus sets out a "low bar" to evaluate the sufficiency of a claim, requiring only that a plaintiff's pleadings " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396 (5th Cir.2005) (quoting *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). Petco had fair notice that Plaintiff tripped and fell as a result of inappropriately neglected merchandise located on the floor in the checkout counter path.

This dispute is governed by Louisiana's premises liability statute, which provides that a claimant must prove (1) the condition that caused the injury created an unreasonable risk of harm, (2) the merchant created or had constructive notice of the condition, and (3) the merchant failed to exercise reasonable care. LA.REV.STAT. ANN. § 9:2800.6 (A)

"Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone,

constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition. LA.REV.STAT. ANN. § 9:2800.6 (C).

The Trial Court's judgment is clearly contrary to the law. Plaintiff-Appellant contends that his original Petition is sufficient under Rule 8(a)(2) and Rule 12 (b)(6) as any merchandise on the floor near the checkout counter is hazardous and unreasonably dangerous; Petco should be aware of any neglected merchandise on the floor and it should be removed from an area of increased customer traffic.

Plaintiff-Appellant amended his Complaint to more specifically identify the location of the merchandise on the floor in the store; the checkout counter path. The nature of the hazard is its proximity to the checkout counter. Merchandise[3] should not be neglected by Petco, particularity if it is located in the checkout counter path. The fact that the merchandise was located in the checkout counter path carries weight and satisfies the temporal element of a premise liability claim.  Further, a Petco

---

[3] The fact that the merchandise was a "disassembled dog cage" is consistent with the allegations in plaintiff's complaint. *Wigod v. Wells Fargo Bank*, N.A., 673 F.3d 547, 555 (7th Cir. 2012) ("A party who appeals from a Rule 12(b)(6)dismissal may elaborate on her allegations so long as the elaborations are consistent with the pleading.") *Hrubec v. National R.R. Passenger Corp*., C.A.7th, 1992, 981 F.2d 962 (plaintiff can add essential facts in brief on appeal).

employee was checking out items and should have identified the merchandise as a hazard, then removed the hazard.

A patron in a self-service store reasonably assumes that the aisles are clear for passage and focuses on the displayed merchandise, not the pathway. *Perez v. Wal–Mart Stores Inc*., 608 So.2d 1006 (La.1992) Most checkout lines have additional merchandise for sale located on the shelves in the checkout lines which is designed to divert the customers attention. Neglected merchandise on the floor in the checkout counter line path is an even greater hazard because customers are also focused on unloading and paying for items.

Plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 1965 "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted). In other words, a claim may not be dismissed based solely on a court's

supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Id. at n. 8.

The lawsuit has alleged enough facts to move the claim "across the line from conceivable to plausible." *Id.* "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted). Assuming that there was merchandise on the floor in the checkout line pathway, it is certainly plausible that Petco could be found liable.

The neglected merchandise was a disassembled dog cage.[4] In this case, the exact product has little to do with one of plaintiff's theories of recovery in this case. The danger, as identified sufficiently in plaintiff's original state court Petition and First Supplemental and Amending

---

[4] After the accident in Petco Plaintiff reported the incident to the store manager who prepared an accident report. He also gave a telephone statement after the incident. Plaintiff's counsel requested a copy of the accident report. However, in a September 18th 2013 email, a Petco represented refused to share the report claiming it was "work product."

Complaint, is the location of the hazard. As previously noted, a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. Under Louisiana law, the relevant hazardous condition can be something other than the actual item that directly caused the plaintiff to fall. See, e.g., *Cole v. Brookshire Grocery Co.*, 5 So.3d 1010, 1014 (La.App. 3 Cir.2009), writ denied, 8 So.3d 589 (La.2009); *Franovich v. K–Mart Corp.*, 653 So.2d 695, 698 (La.App. 5 Cir.1995). In *Brookshire Grocery* plaintiff tripped over a carton of bottled water that had fallen from a display stacked on a pallet outside the front entrance of a grocery store. The Louisiana Third Circuit Court of Appeal upheld a Trial Court judgment against the store finding, "that the entire stack of cartons right outside a main entrance, in or near the direct path of customers entering or leaving the store, presented an unreasonable risk of harm and that it was foreseeable that a carton, or the whole display, could fall in the path of a customer."[5]

---

[5] In *Irsch v. Argonaut Great Central Insurance Company, et al*, 841 So.2d 831 (La.App. 5th Cir.2003), a plaintiff sustained injury when he tripped over a bumper guard placed near chairs in a restaurant. The court concluded that placement of the chairs presented an unreasonable risk of harm as she would not have expected chairs to be placed next to a bumper guard. The Fifth circuit noted:

A similar allegation regarding the hazardous location of merchandise is made in this case and it is certainly plausible that a judge or jury could deem such hazard unreasonable. Petco's neglect is more egregious than that of Brookshire Grocery. Petco had a store employee checking out items near the neglected merchandise.[6] Further, not only does Petco attempt to divert the customer's attention with merchandise on the shelves, but also the customer is expected to focus on unloading and paying for items. Petco has a heightened duty to ensure the checkout counter path is free from hazards such as inappropriately placed display merchandise or neglected store

---

They (the retailer) were aware that customers moved them(chairs) around when they sit in them, and that it was the duty of the hostess to re-configure the chairs. Ms. Irsch and Dillon testified that the hostess who did not appear at trial was at the front door. A reasonably prudent restaurant employee should have observed the misalignment of the chairs and the danger they imposed. Under either analysis, Ms. Irsch carried her burden of proof. (*Irsch* at p. 840).

See also *George v. Walmart Stores, Inc.*, 722 So.2d 119 (La.App. 3d Cir. 1998), the plaintiff sustained an injury when a wheelchair was placed near the entrance to the store for use by handicapped patrons, located next to a plant display which partially obscured its presence and a protruding foot rest on the chair. The plaintiff tripped over the foot rest.

[6] It is not necessary for a plaintiff to produce direct evidence to establish that a substance was on the floor for any length of time prior to the accident. If a reasonable inference can be drawn from the circumstantial evidence presented by the plaintiff that it was more probable than not the spill existed for some period of time prior to the accident, the court can conclude the store had constructive notice. It can be inferred from the totality of the circumstances that a foreign substance was on the floor for a sufficient amount of time such that it should have been discovered if defendant exercised reasonable care. *Broussard v. Wal-Mart Stores, Inc.,* 98-813 (La.App. 3 Cir. 1/20/99); 741 So.2d 65, writ denied, 99-0486 (La.4/1/99); 742 So.2d 562.

merchandise. Petco dictated the location for payment within the store; they are funneling customers to an area where the floor should be free of hazards.

This court construes facts in the light most favorable to the nonmoving party, "as a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.' " *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir.2011) (citation omitted). This court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999) (per curiam) *Gilbert v. Outback Steakhouse of Florida Inc*., 295 Fed.Appx. 710, 713 (C.A.5 (Tex.),2008) The Trial Court did not construe the facts of this case in a light most favorable to plaintiffs. In fact, no reference to such as analysis is made in the Trial Court's Order and Reasons. The Trial Court also incorrectly notes that the Plaintiff failed to note the Petco had either actual or constructive notice of the merchandise hazard. However, notably, plaintiff specifically alleged that Petco knew or should have known of the hazardous condition of its aisles. Under the Trial Court's analysis it would be virtually impossible for a plaintiff to survive a 12(b)(6) motion when Plaintiff did not have knowledge of origins of a foreign substance at the time suit was filed. The primary objective of the legal system should be to obtain a determination on the merits based on proof rather than a dismissal based on

the pleadings. Plaintiff should not be deprived of the opportunity to conduct discovery in this case.

Defendant asserts that Sinclair has failed to allege the requisite elements of premise liability under the Louisiana Law. However, a complaint for negligence need not "parse the negligence allegation into separate elements," *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d at 396, nor is it required to "correctly specify the legal theory" giving rise to the claim for relief, *McManus v. Fleetwood Enters., Inc.,*, 320 F.3d at 551. Such assertion is incorrect, Plaintiff did allege that Petco "knew or should have known of the hazardous condition of its aisles, passageways and checkout counter path."

Plaintiff-Appellant should be entitled to conduct discovery to determine the evidence necessary to support its claim. Under *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 264 (5th Cir.2009) the face of the complaint must contain enough factual matters to raise a reasonable expectation that discovery will reveal evidence of each element of plaintiff's claim. A reasonable expectation exists in this case that discovery will shed light on the circumstances surrounding the placement of the merchandise.

**B. Plaintiff- Appellant deprived of opportunity to cure alleged defect subsequent to Rule 12 (b) (6) ruling.**

"We review for abuse of discretion the district court's denial of leave to amend." *S & W Enters. v. Southtrust Bank of Ala*., 315 F.3d 533, 535 (5th Cir.2003). The Trial Court abused its discretion in denying Plaintiff-Appellant leave to amend subsequent to its ruling.    The trial court cited *Jamieson v. Shaw,* 772 F.2d 1205 (5th Cir.1985) as follows, "Among the acceptable justifications for denying leave to amend are…. repeated failure to cure deficiencies by prior amendment….and the futility of amendment." Plaintiff did not repeatedly fail to cure deficiencies by amendment. Plaintiff amended its lawsuit on one occasion, prior to the submission date. [7]

Normally, "leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile."*Jebaco Inc. v. Harrah's Operating Co. Inc.,* 587 F.3d 314, 322 (5th Cir.2009). The Trial Court denied Plaintiff-Appellant the opportunity to amend because it considered the amendment futile. The District Court did not conclude that permitting an amendment would have caused undue delay or prejudice or that the amendment 'twas offered in bad faith or with a dilatory motive. The Trial

---

[7] Plaintiff filed his original petition in state court. Louisiana is a fact pleading state.  Plaintiff should not have to plead in compliance with the federal rules at the state level. The trial court's ruling is tantamount to a scenario where plaintiff files his original complaint in federal court, it is then dismissed without any opportunity for amendment.

Court's evaluation was deficient and Plaintiff- Appellant prays that this court permit Plaintiff to further amend its Complaint. The Trial Court should not have dismissed Plaintiff-Appellant's case merely because it believed that the case was legally or factually doubtful or that it was unlikely that plaintiff would prevail in the action on the merits.

Plaintiff-Appellant contends that their allegations are sufficient. However, if it may please the court, Plaintiff-Appellant should be granted the opportunity to substitute "merchandise" for the words "disassembled dog cage." Moreover, Plaintiff-Appellant should be granted the opportunity to add allegations such as, the "disassembled dog cage" was a dangerous display, [8] Petco created the hazard and the dog cage's color matched that of the floor.  Plaintiff-Appellant contends that such substitutions are essentially the same allegation that Petco knew or should have known about the negligently placed or neglected merchandise.  However, plaintiff should not be deprived of its day in court due to pleading formalism. The policy of the federal rules is to permit liberal pleading **and amendment, thus facilitating adjudication on the merits while avoiding an excessive formalism**.

*Dussouy*, 660 F.2d at 598, (citing *Foman v. Davis*, 371 U.S. 178, 182, 83

---

[8] Dismissal should not be ordered be ordered because all of the elements that give rise to a legal basis for recovery have not been stated. *Williams v United Credit Plan, Inc*. (1976, CA5 La) 526 F2d 713, 21 FR Serv 2d 320.

S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Conley v. Gibson*, 355 U.S. 41, 48, 78

S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). The Trial Judge has deprived Plaintiff

of the opportunity for formal discovery which would shed light on

circumstance surrounding the placement of the hazardous merchandise. The

Trial Court inappropriately adjudicated this case without hearing any

evidence.

## CONCLUSION

Petco' s 12 (b)(6) Motion to Dismiss should not have been granted by

the Trial Court  The reviewing court should have isolated only the well-

pleaded, non-conclusory factual allegations which were entitled to a

presumption of truth.  Then, after considering Plaintiff's well-pleaded facts

that merchandise on the floor presented an unreasonable risk of harm to

customers as it was located in the checkout counter path, and assuming their

truth, the court should have determined that the allegations give rise to a

plausible entitlement to relief.   The facts as pled move the claim "across the

line from conceivable to plausible."  Applying this framework, Plaintiff

stated a plausible case for why some set of facts exist as to why judgment is

appropriate. Clearly the facts have shown show that this claim has merit and

Plaintiff-Appellant is entitled to his day in court. The primary objective of

the legal system should be to obtain a determination on the merits based on

proof rather than a dismissal based on the pleadings. The lower court's judgment must be reversed.

Respectfully submitted,

/s/ Joseph M. Bruno, Jr.
Joseph M. Bruno, Jr. (#30229)
855 Baronne Street
New Orleans, LA 70113
Telephone: (504)-525-1335
COUNSEL FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above referenced pleading upon all known counsel for all parties by placing same in the United States mail, properly addressed and with first class postage prepaid, or other electronic transmission this 30th day of April, 2014.

/s/ Joseph M. Bruno, Jr.
Joseph M. Bruno, Jr.

**CERTIFICATE OF COMPLIANCE**
**WITH FRAP 32(a)(7) and 5TH CIR 4.32.3**

This brief complies with the type-volume limitations of FRAP

32(a)(7)(B)(III), excluding the parts of the brief exempted by FRAP

32(a)(7)(B)(III).

/s/ Joseph M. Bruno, Jr.
Joseph M. Bruno, Jr.